## McCORMICK v. HUMPHREY.
### Crim. A. No. 42466.

United States District Court
E. D. New York.
May 13, 1953.

---

William McCormick pro se.

BYERS, District Judge.

The defendant has presented *pro se* a paper entitled, "Petition for a Writ of Habeas Corpus" against the respondent Warden. It was mailed from the Lewisburg Penitentiary on March 26, 1953 and received by the undersigned from the Clerk of this Court four days later. The same day a letter of acknowledgment was dictated by me and mailed to the petitioner in which he was advised that jurisdiction to inquire into the legality of his detention pertains alone to the federal district thereof, citing Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898.

Subsequent correspondence with him and the Warden develops that the petitioner had previously sought such relief in the United States District Court, Middle District of Pennsylvania and by order of November 3, 1952 the application was denied.

Copies of those papers have been procured through the courtesy of Warden Humphrey, and all relevant papers have now been received and examined.

It appears that the matter of which petitioner complains is that being under sentence in a state court for another offense, he was brought into this court on January 18, 1951 to plead to an indictment containing 7 counts, having to do with counterfeiting. On that occasion he was represented by counsel of his own choice under whose advice he pleaded guilty to Count 1, and the stenographic record of what took place, as transcribed by the Official Reporter, is complete and informing. The plea was accepted, and sentence of confinement, etc., for 2½ years was imposed on January 26, 1951.

There was no intention to have that sentence run concurrently with the one that he was then serving under judgment of the state court, nor was any direction given or stated to that effect; consequently he did not begin to serve the sentence so imposed until he was released by the State Authorities.

He seems now to complain that his good time allowances have been incorrectly computed. That would be a proper subject for inquiry in the jurisdiction of his present detention.

Seemingly the memorandum and order above referred to, dated November 3, 1952, indicated a failure on the part of the petitioner to seek redress under 28 U.S.C. §:

2255 (coram nobis) for which reason the application for a writ of habeas corpus was denied.

The petition now before the court, in spite of its form, has been considered as though it were addressed to the original judgment of January 26, 1951 for a writ to re-examine that judgment and do justice in respect thereof. Upon such examination, and of all the records of this court pertaining thereto, it is hereby determined that no cause appears to reopen, modify or amend the said judgment in any respect, and the *motion* of the petitioner is therefore in all respects denied.

His application to proceed as he may be advised in forma pauperis is granted.

The clerk will forward a copy of this decision to the petitioner.